IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMADRAE CHAPMAN,

        Petitioner,

vs.                               Civil No. 17-cv-899-DRH-CJP

T. G. WERLICH,

        Respondent.

## MEMORANDUM and ORDER

Petitioner Lamadrae Chapman filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss, Doc. 9. Petitioner responded to the motion at Doc. 13.

Respondent argues that the petition must be dismissed because petitioner cannot challenge his classification as a career offender in a § 2241 petition and because he waived his right to file a collateral attack in his plea agreement.

## Relevant Facts and Procedural History

Pursuant to written plea agreement, Chapman pleaded guilty to one count of possession with intent to distribute cocaine in the Southern District of Illinois in 2009. *United States v. Chapman*, Case No. 09-cr-30096-DRH. The agreement provided that the government would recommend a sentence at the low end of the sentencing range. Case No. 09-cr-30096-DRH, Doc. 30.

At sentencing, the court found petitioner to be a career offender and

1

calculated the advisory Guidelines range as 151 to 188 months imprisonment. The Court sentenced petitioner to 151 months. Case No. 09-cr-30096-DRH, Docs. 35 & 37.

The plea agreement contained a waiver of the right to appeal or file a collateral attack:

> 2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is ·more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.
>
> 3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts and which renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B 1.10). The Government reserves the right to oppose such claims for relief.

Case No. 09-cr-30096-DRH, Doc. 30.

Chapman filed a motion under 28 U.S.C. § 2255 arguing that his sentence was unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015).

That motion was denied because Chapman had not been sentenced under the residual clause of the career offender Guideline. Rather, he was a career offender because he had two prior convictions for crimes of violence, Illinois residential burglary and Illinois aggravated battery. The Court explained that residential burglary was an enumerated crime and aggravated battery had as an element the use or attempted use of force. *Chapman v. United States*, Case No. 16-691, Doc. 11.

## Analysis

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Chapman argues that his prior conviction for Illinois residential burglary no longer qualifies as a crime of violence for purposes of the career offender enhancement under U.S.S.G. § 4B1.1. This argument would likely fail under the reasoning of *Smith v. United States*, ___ F.3d ___, 2017 WL 6350072 (7th Cir. Dec. 13, 2017), holding that Illinois residential burglary is no broader than generic burglary. However, it is unnecessary to decide the substantive merits of his argument because the petition must be dismissed for other reasons.

First, petitioner cannot bring a *Mathis* claim in a § 2241 petition. There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also,

3

*United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

Chapman argues that Hawkins does not apply because he was sentenced under a mandatory Guideline. However, he was sentenced in 2010, long after the Supreme Court declared the Sentencing Guidelines to be merely advisory and not mandatory. Earlier this month, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, ___ F.3d ___, 2017 WL 6379634 (7th Cir. Dec. 14, 2017). Petitioner's argument to the contrary is rejected.

In addition, this collateral attack is barred by the waiver in the plea agreement.

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory

4

maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a §2241 petition; the waiver does not make the remedy afforded by §2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner does not challenge the validity of the plea agreement. He argues that this Court should not enforce the waiver because his sentence is a miscarriage of justice. However, *Hawkins* has already decided that an error in applying the advisory Guidelines is not a miscarriage of justice grave enough to be grounds for relief on collateral review.

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998).

Petitioner argues that his waiver is not enforceable because he cannot have anticipated the *Mathis* decision and could not have knowingly waived his right to raise an issue he was not aware of. That kind of argument was rejected in *McGraw*. There, the defendant argued that the convictions used categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S.Ct. 1581 (2008). The Seventh Circuit enforced the waiver,

5

noting that "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

Petitioner argues that the plea agreement is ambiguous as to whether the waiver was limited to only the right to bring a §2255 motion. That argument is frivolous; the agreement explicitly waives all collateral attacks. He also argues that he was sentenced in excess of the statutory maximum. That argument is frivolous as well. The statutory maximum was 20 years. 21 U.S.C. 841(b)(1)(C).

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.26
16:37:16 -06'00'

United States District Judge

**Notice**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).